# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LARRY DEAN LANE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-CV-625-JHP-TLW** |
| | ) | |
| **MIKE MULLIN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus (Dkt. # 9). Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 11) to the motion to dismiss. Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

## *BACKGROUND*

On February 15, 2005, in Tulsa County District Court, Case No. CF-2004-424, Petitioner entered pleas of guilty to First Degree Manslaughter (Count I), Driving Under Revocation (Count II), Driving Without Owner's Security Verification Form (Count III), and Driving Under the Influence/Personal Injury Accident (Count IV). He was sentenced on that date to fifteen (15) years imprisonment on Count I, one (1) year in the county jail on Count II, thirty (30) days in the county jail on Count III, and five (5) years imprisonment on Count IV, with the sentences ordered to be

served concurrently. See Dkt. # 11, Ex. 1. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

On January 26, 2006, Petitioner filed a motion to modify sentence. See Dkt. # 11, Ex. 1. That request was denied by order signed January 27, 2006, and filed of record on March 7, 2006. Id.

On November 17, 2006, Petitioner filed his first application for post-conviction relief. See id. By order filed January 26, 2007, the state district judge denied Petitioner's request for post-conviction relief. Id. Petitioner did not appeal the district court's denial of post-conviction relief. Id.

On August 26, 2009, Petitioner filed a second application for post-conviction relief. Id. That application was denied on September 30, 2009. Id. Petitioner attempted to appeal the district judge's ruling. However, by Order filed February 16, 2010, in Case No. PC-2009-1003, the OCCA declined jurisdiction and dismissed the appeal, finding that Petitioner had failed to file his petition in error within thirty (30) days of district court's order denying post-conviction relief, as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals. See Dkt. # 10, Ex. 2.

On April 10, 2012, Petitioner filed a third application for post-conviction relief. See Dkt. # 10, Ex. 1. The district court denied relief on May 22, 2012. Id. Petitioner appealed the denial of relief to the OCCA. By order filed August 17, 2012, in Case No. PC-2012-483, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 10, Ex. 3.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on November 8, 2012. In response to the petition, Respondent argues that consideration of this habeas corpus petition is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 9, 10.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996,

established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for seeking
>> such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws of the
>> United States is removed, if the applicant was prevented from filing
>> by such State actions;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively applicable
>> to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the exercise of
>> due diligence.
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a

prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B),

(C), and (D).  Also, the limitations period is tolled or suspended during the pendency of a state

application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Under 28 U.S.C. § 2244(D)(1)(A), Petitioner's habeas corpus petition is untimely. Because

Petitioner failed to file a motion to withdraw his plea of guilty in Case No. CF-2004-424, his

conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on

February 25, 2005.  See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (requiring the

defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the

pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction began to run on February 26, 2005. Absent a tolling event, a federal petition for writ of habeas corpus filed after February 27, 2006,[1] would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

On January 26, 2006, or prior to the AEDPA deadline, Petitioner filed a request for judicial review.  That motion was denied one (1) day later, on January 27, 2006. However, the order denying the motion for judicial review was not filed of record and mailed to Petitioner until March 7, 2006. Thus, the motion for judicial review was pending from January 26, 2006, until March 7, 2006, or for forty (40) days. Therefore, if the request for judicial review served to toll the one-year limitations period under § 2244(d)(2), then Petitioner's deadline for filing a federal petition for writ of habeas corpus was extended by forty (40) days beyond February 27, 2006, or until Monday, April 10, 2006.[2]  See Wall v. Kholi, 131 S. Ct. 1278 (2011) (holding that a motion to reduce sentence under Rhode Island law is an application for "collateral review" that triggers AEDPA's tolling provision provided at 28 U.S.C. § 2244(d)(2)).[3]

---

[1]Since February 26, 2006, fell on a Sunday, Petitioner's deadline for filing a federal petition for writ of habeas corpus was Monday, February 27, 2006.  See Fed. R. Civ. P. 6(a)(3)(A).

[2]Forty (40) days beyond February 27, 2006, was Saturday, April 8, 2006.  Therefore, with tolling, Petitioner's deadline for filing a federal petition for writ of habeas corpus was Monday, April 10, 2006.  See Fed. R. Civ. P. 6(a)(3)(A).

[3]The Court recognizes that in unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under Oklahoma law, is not an "application for State  post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244(d)(2).  See, e.g., Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed

While Petitioner filed his motion for judicial review before the AEDPA deadline, he did not file any of his applications for post-conviction relief until after the one-year limitations period had expired. Petitioner's first application for post-conviction relief was not filed until November 17, 2006, or more than seven (7) months after the April 10, 2006, deadline.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceedings commenced by Petitioner after expiration of the limitations period did not toll the limitations period.

In response to the motion to dismiss, Petitioner argues that a fundamental miscarriage of justice will result if his habeas claims are not considered.  The focus of Petitioner's habeas claims is that, although he was charged with the misdemeanor offense of Driving Under the Influence, Personal Injury (Count IV), he was allowed to plead guilty to and convicted of a felony.  See Dkt. # 11.  He further claims that he first learned of these facts on January 30, 2012.  Id. at 7. To the extent Petitioner argues that his petition was timely filed under 28 U.S.C. § 2244(d)(1)(D) (providing that the one year limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"),

---

as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, those opinions predate the United States Supreme Court ruling entered in Wall. To date, the Tenth Circuit has not addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. In the instant case, however, the petition is time barred even if Petitioner is credited with the time his motion for judicial review was pending.

the Court rejects the argument.  The record provided by Petitioner reflects that, when Petitioner entered his pleas of guilty, he told the trial judge that he understood that the State had recommended sentencing him to fifteen (15) years imprisonment for Manslaughter (Count I), to five (5) years for DUI /Personal Injury (Count IV), one (1) year for  Driving Under Revocation (Count II), and thirty (30) days for Driving Without Security Verification (Count III), all to be served concurrently. See Dkt. # 11, Ex. II, Trans. Plea Hr'g at 3-4. Thus, the factual predicate of Petitioner's claim, that he was charged with a misdemeanor in Count IV but allowed to plead guilty to a felony, could have been discovered through the exercise of due diligence when he entered his guilty pleas on February 15, 2005.  While it is possible that Petitioner did not understand the legal significance of all these facts, the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts. Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000); see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is . . . discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Because Petitioner knew of the predicate facts no later than February 15, 2005, when he entered his guilty pleas and was sentenced in open court, the limitations period began running when his convictions became final, not when he claims to have learned of the legal significance of the facts on January 30, 2012.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.

2008) (quoting <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" <u>Id.</u> (quoting <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record before the Court suggests that Petitioner is entitled to equitable tolling. In response to the motion to dismiss, Petitioner reminds the Court that he "is a layman in the fine science of law" and requests that the Court liberally construe his pleadings. However, Petitioner's ignorance of the law does not excuse his failure to file a timely petition. <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)).

Petitioner also asserts a claim of "innocence." <u>See</u> Dkt. # 11 at 4-5. Specifically, he asserts a claim of "actual innocence of a felony." <u>Id.</u> at 5. <u>See</u> <u>Lopez v. Trani</u>, 628 F.3d 1228, 1230-31 (10th Cir. 2010) (a sufficiently supported claim of actual innocence creates an exception to procedural barriers for constitutional claims). Actual innocence means factual innocence. <u>United States v. Gabaldon</u>, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008). Petitioner's argument in this case implicates legal innocence, not factual innocence. <u>Cf.</u> <u>Beavers v. Saffle</u>, 216 F.3d 918, 923 (10th Cir. 2000) (claims of self-defense go to legal, not factual innocence). Petitioner is not entitled to equitable tolling based on a claim of legal innocence.

In summary, Petitioner has not demonstrated that he pursued his claims diligently nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. <u>Gibson</u>, 232 F.3d at 808. Therefore, Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted.  The petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the

statute of limitations (Dkt. # 9) is **granted**.

2.      The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3.      A separate Judgment shall be entered in this case.

4.      A certificate of appealability is **denied**.


DATED THIS <u>14th</u> day of May, 2013.

James H. Payne
United States District Judge
Northern District of Oklahoma

11